UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BAKER DENTAL CORP.,

    Plaintiff,

v.

AUREX DENTAL INC., and
MILTON C. POKLADNIK,

    Defendants.

No. 13 CV 8181

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Baker Dental Corporation filed a breach-of-contract suit against Aurex Dental, Inc., Milton Pokladnik (Aurex's CEO and principal shareholder), and others, alleging a failure to pay for products sold by Baker Dental to Aurex in 2011 and Aurex's failure to collect payment on goods sold to downstream customers. Aurex and Pokladnik are citizens of Texas and move to dismiss this case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). For the reasons discussed below, I find that Aurex and Pokladnik did not purposefully avail themselves of the benefit and protection of Illinois's laws when Aurex bought Baker Dental's goods from Illinois. Therefore, defendants' motion to dismiss, [39], is granted.

Baker Dental's complaint need not include facts alleging personal jurisdiction, but once a defendant moves to dismiss the complaint under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citation omitted). In this case, the parties have submitted affidavits

in support of their positions, and I have not conducted an evidentiary hearing. Thus, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id*. To the extent there are any factual disputes, I resolve them in the plaintiff's favor. *Id*.

**I.     Background**

Baker Dental sells precious metals for dentistry and for use in dental labs (no more detailed description of its products is in the record). [1] ¶ 11.[1] Aurex is in the business of selling dental supplies and equipment. [39] at 24 ¶ 3. Baker Dental sold products to Aurex starting in 1999 and continuing until approximately 2013. [1] ¶ 23; [41-1] ¶ 5. Aurex resold Baker Dental products to other customers. [1] ¶ 16. Aurex was a "dealer" of Baker Dental products. [1] ¶ 12. Other than stating that Aurex promised to pay Baker Dental (within 30 days) for the goods it received and promised to collect payment on the sales Aurex made to others, Baker Dental provides no further definition of the relationship between the parties. [1] ¶¶ 13–16. Baker Dental did not submit to the court a written contract governing its relationship with Aurex, and the complaint does not allege the existence of such a contract (other than individual invoices).

Baker Dental is an Illinois company and shipped its products from Illinois to Aurex in Texas. [41-1] ¶¶ 3, 9. Aurex never sold products in Illinois. *Id*. ¶ 16. To place an order from Baker Dental, Aurex would call or fax Baker Dental in Illinois,

---

[1] The facts are taken from plaintiff's complaint, [1], and the affidavits submitted in connection with the motion to dismiss. The affidavit of Baker Dental's president, Deborah DeLana, is document [41-1], and defendant Pokladnik's affidavit is attached to the motion to dismiss, document [39].

averaging 12 to 15 orders per month between 1999 and 2011. *Id.* ¶¶ 9, 11. Baker Dental's performance occurred in Illinois. *Id.* ¶¶ 9, 15. Once, in 1999, Pokladnik came to Illinois to discuss business with the then-principals of Baker Dental. [41-1] ¶¶ 12–13.[2] Aurex is a Texas company; it does not own property in Illinois; it does not have an office in Illinois; it does not advertise or market products in Illinois. [39] at 25 ¶¶ 3, 7. Aurex primarily sells to customers who are located in Texas, with occasional sales to customers in Colorado, Nebraska, New Mexico and Oklahoma. [39] at 26 ¶ 8.

This lawsuit is based on sales made in 2011. [1] ¶ 26; Exhibit C, [1-1]. Aurex owes Baker Dental over $125,000, due on over 20 invoices dated in 2011, and this suit seeks payment on those invoices. [1] ¶ 28–29; [1-1]. In addition, Baker Dental is suing to collect on promissory notes from Aurex customers (promising to pay for Baker Dental products sold by Aurex) that Aurex assigned to Baker Dental in 2011. [1] ¶¶ 20–21. The Aurex customers are named as defendants but have not appeared in the case. (They are the subject of separate motions for default judgment filed by Baker Dental. [25, 27, 29, 33].)

## II.    Personal Jurisdiction

"A federal district court's personal jurisdiction over a defendant is established in a diversity-jurisdiction case when the plaintiff serves the defendant with a summons or files a waiver of service, but only so long as the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court

---

[2] Pokladnik denies making this trip, and instead claims that in 1999, one of the owners of Baker Dental traveled to Texas to meet with Pokladnik. [39] at 25 ¶ 5. For purposes of this motion to dismiss, I assume plaintiff's facts are true.

3

is located—here, Illinois." *Northern Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). The Illinois long-arm statute enumerates certain acts by which a nonresident defendant is deemed to subject itself to the jurisdiction of Illinois courts. 735 ILCS 5/2–209(a). In addition, the state courts may exercise jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States," 735 ILCS 5/2–209(c); *see also Keller v. Henderson*, 359 Ill.App.3d 605, 612 (2d Dist. 2005) (describing analysis under the other, enumerated acts of the long-arm statute as "wholly unnecessary"). In this diversity-jurisdiction case, if the United States Constitution does not permit Baker Dental to hale Aurex and Pokladnik into an Illinois court, then I do not have jurisdiction over them.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts. Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, — U.S. —, 134 S.Ct. 1115, 1121 (2014) (internal citation and quotation marks omitted) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

### A. General Jurisdiction

"A defendant with 'continuous and systematic' contacts with a state is subject to general jurisdiction there in any action, even if the action is unrelated to those

contacts." *Tamburo v. Dworkin,* 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Id.* (citation omitted). General jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state of incorporation and the state of the principal place of business." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citation omitted).

Baker Dental's argument in support of general jurisdiction, [41] at 8, is conclusory and undeveloped. By failing to develop the argument in any meaningful way, plaintiff has waived it. *United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010). Even if the argument were not so undeveloped as to amount to a waiver, it does not meet the high threshold for general jurisdiction. Baker Dental says Aurex was plaintiff's agent and sold a substantial amount of Baker Dental product. This is not enough to make Aurex "at home" in Illinois. Aurex is a Texas company with a principal place of business in Texas, and sells products to customers outside Illinois. Plaintiff makes no showing with respect to the individual defendant, Pokladnik—who lives and works in Texas. Aurex's purchases from Baker Dental were not so pervasive that one would think Aurex existed in Illinois. Defendants are not subject to Illinois courts generally.

5

## B. Specific Jurisdiction

"Specific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state." *Advanced Tactical*, 751 F.3d at 801 (emphasis omitted). "With respect to contract disputes, contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum." *Northern Grain*, 743 F.3d at 493 (quotation marks and citations omitted). Beyond the contract, I must examine the circumstances of the parties' course of dealing to determine if Aurex's and Pokladnik's efforts (those at issue in the litigation) were purposefully directed toward Illinois. *See id*.

The plaintiff cannot be the only link between the defendant and the forum. *Walden*, 134 S.Ct. at 1122. The contractual relationship must envision continuing and wide-ranging contacts between the defendant and the forum, and it is the defendant's conduct, not the plaintiff's, that must form the connection to Illinois in this case. *See id*. The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id*. at 1126.

The contracts here did not envision continuing and wide-ranging contacts with Illinois. Baker Dental sold goods to Aurex in Texas, and expected to be paid in 30 days. The two parties were repeat players, and Aurex was a significant reseller of Baker Dental products.[3] But nowhere in the complaint or in the affidavit of plaintiff's president is there a suggestion that Aurex was bound in any way to

---

[3] Plaintiff did not submit any evidence of its annual sales or the percentage of sales attributable to defendants, but given the posture of the case, I accept its representation that Aurex was a substantial seller.

6

continue purchasing from Baker Dental or, more importantly, have wide-ranging contact with Illinois. Even accepting the characterization of Aurex as a "dealer" or "agent" (those terms are not given any meaning in plaintiff's submission), an agent who simply agrees to pay for products sold by a principal is not availing themselves of the principal's forum.[4] Like the defendant in *Northern Grain*, 743 F.3d at 495–496, Aurex had a discrete task—pay for Baker Dental's products—with no continuing obligations beyond collecting payment, and the record gives no indication that Aurex cared whether Baker Dental shipped its goods to Texas from Illinois or from somewhere else. "[T]he courts of [Illinois] no more had jurisdiction over [Aurex] than would the courts of England or Taiwan if [Baker Dental] had chosen to have the goods manufactured in either of those places." *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 603 (7th Cir. 1979).

As in *Lakeside*, 597 F.2d at 601, the plaintiff's performance of its contractual duties tie this litigation to the forum state, and that is not sufficient. According to Baker Dental, each individual purchase order "required . . . Baker Dental to ship the product from its Illinois warehouse to Texas. It required Baker Dental to issue invoices from its Illinois offices and to pay commissions from its Illinois offices." [41] at 5. In other words, as in *Lakeside*, Aurex "caused the activity in [Illinois] by placing the order, [but] the contract between the parties left [Baker Dental] in absolute control over where it would conduct that activity, and it made this decision and conducted the activity unilaterally." 597 F.2d at 603. Aurex's knowledge that

---

[4] Aurex did not, for example, enter into a carefully structured, long-term franchise relationship that subjected it to exacting regulation by Baker Dental in Illinois. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985).

7

Baker Dental performed its obligations in Illinois "does not constitute an invocation of the benefits and protections of" Illinois's laws. *Id.*

Pokladnik came to Chicago once in 1999, and each purchase order appears to have been initiated by Pokladnik (on Aurek's behalf). If the nonresident defendant initiated the business transaction in the forum, that is a significant factor in evaluating personal jurisdiction. *Madison Consulting Grp. v. South Carolina*, 752 F.2d 1193, 1202 (7th Cir.1985). The 1999 trip is not the "particular conduct underlying the claims made in [this] lawsuit"—which is based on unpaid 2011 invoices—so it cannot provide the basis for jurisdiction. *Tamburo*, 601 F.3d at 702; *see also Northern Grain*, 743 F.3d at 494 n. 3 (noting but not deciding the issue). That leaves the placing of the purchase orders, and the assignment of the Texas-based promissory notes to the Illinois-based plaintiff, and I find that conduct to be insufficient to meet the constitutional test for specific jurisdiction.

This case is more like *Northern Grain*, 743 F.3d at 495–96 (no jurisdiction even though defendant contracted repeatedly and over time with forum-state plaintiff) and *Lakeside*, 597 F.2d at 603 (no jurisdiction where purchaser agreed to accept and pay for product from forum state),[5] than *Madison Consulting*, 752 F.2d at 1203–04. In *Madison Consulting*, the defendant's solicitation efforts went beyond "the mere act of ordering goods from a forum corporation," 752 F.2d at 1203; the defendant caused the plaintiff to travel at the defendant's expense. *Id.* at 1194; *see also Northern Grain*, 743 F.3d at 494 (noting that *Madison Consulting* "turned

---

[5] *Northern Grain*, 743 F.3d at 494, notes that *Lakeside* has been criticized over the years, but never overruled.

heavily" on the fact that defendant induced plaintiff to travel). Defendants' initiation of the 2011 invoices in this case did not involve any substantive negotiation other than placing a call (or sending a fax or email) to order product. The assignment of the promissory notes was done in Texas and did not involve defendants' participation in any Illinois-based transactions. At most, defendants agreed to sell Baker Dental-brand products in Texas (on consignment from Illinois, [41-1] ¶ 7), and collect payments due Baker Dental. That relationship did not require Aurex and Pokladnik to perform any acts in Illinois.[6]

*E.A. Cox Co. v. Road Savers Int'l Corp.*, 271 Ill.App.3d 144 (1st Dist. 1995), cited by plaintiff, is not to the contrary. In that case, the defendant's part performance of the contract occurred in Illinois, and the defendant entered Illinois to perform acts in furtherance of the contract. *Id.* at 149–50. Not so here. All of defendants' performance on the 2011 invoices occurred in Texas, where Aurex received and sold plaintiff's products. Therefore, I conclude that defendants' contractual relationship to plaintiff is insufficient to create the necessary minimum contacts required under due process to give an Illinois court personal jurisdiction over defendants.

---

[6] Illinois courts consider "active purchasers" of Illinois products to have availed themselves of Illinois's laws. *See Abbott Labs., Inc. v. Biovalve Techs., Inc.*, 543 F.Supp.2d 913, 924–25 (N.D. Ill. 2007). Examples of active purchasers include those who dictate or vigorously negotiate contract terms, or inspect production facilities. *Id.* There has been no showing here that Aurex and Pokladnik fall on the active side of the line. Both Pokladnik and DeLana appear to have purchased pre-existing companies in 1999 and either continued or reestablished a relationship between the two companies. [39] at 25 ¶¶4–5; [41-1] ¶¶ 12–13. The DeLana affidavit makes no mention of Aurex's negotiating position or influence, or its exclusivity with respect to Baker Dental. There were no trips to Illinois directly related to performance under the 2011 invoices at issue in this lawsuit. *Compare Abbott*, 543 F.Supp.2d at 922 (describing travel by defendants to Illinois to perform substantial work related to the agreed-upon project).

I have not distinguished between Aurex and Pokladnik in the foregoing discussion, but personal jurisdiction must be established for each defendant separately. *See Kinslow v. Pullara*, 538 F.3d 687, 693 (7th Cir. 2008). Plaintiff alleges that Pokladnik was personally responsible for the debts accruing on the unpaid invoices and promissory notes (his name is on the invoices), but his personal responsibility is a different issue than his personal contact with Illinois. Pokladnik was Aurex's CEO and placed on Aurex's behalf the orders for Baker Dental products. Nothing in plaintiff's submission suggests that Pokladnik subjected himself to Illinois's laws personally when he used Aurex to buy things. The case for personal jurisdiction over Pokladnik is much weaker than with respect to Aurex. I also conclude that Illinois's courts do not have personal jurisdiction over Pokladnik in connection with the 2011 invoices.

## III. Conclusion

It is perhaps odd that a defendant who owes money in Illinois, after buying goods from Illinois, cannot be brought to Illinois courts for resolution of the dispute, but as the Supreme Court recently noted, "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 134 S.Ct. at 1122 (citation omitted). Defendants' motion to dismiss is granted.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 9/5/14